UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GREAT WEST CASUALTY COMPANY, ) | | 1:06-cv-1326 OWW SMS |
| ) | | |
| Plaintiff, ) | | SCHEDULING CONFERENCE ORDER |
| ) | | |
| v. ) | | Cross-Motions for Summary Judgment Filing Deadline: 6/7/07 |
| GENERAL FIRE & CASUALTY COMPANY, ) | | |
| ) | | |
| Defendant. ) | | Oppositions to Cross-Motions for SJ Filing Deadline: 7/3/07 |
| ) | | |

Replies to Cross-Motions for SJ Filing Deadline: 7/17/07

Hearing on Cross-Motions for SJ: 7/30/07 10:00 Ctrm. 3

Pre-Trial Conference Date: 9/10/07 11:00 Ctrm. 3

Trial Date: 10/16/07 9:00 Ctrm. 3 (CT-2 days)

I.   Date of Scheduling Conference.

   February 7, 2007.

II.  Appearances Of Counsel.

   Lossing & Elston by Lawrence G. Lossing, Esq., appeared on behalf of Plaintiff.

   Harrington, Foxx, Dubrow & Canter, LLP by James Lo, Esq.

1

appeared on behalf of Defendant.

III.  Summary of Pleadings.

    1.    This action arises out of a motor vehicle accident (passenger car versus tractor-trailer rig) that occurred on December 17, 2004, in rural Fresno County, California.  The driver of the passenger vehicle was killed and her two minor children were injured in that accident.  The personal injury litigation arising out of that accident is now pending in Fresno County, California Superior Court.

    2.    The Plaintiff in this action, Great West Casualty Company, issued a policy of commercial auto liability insurance to Juan Mendez dba Mendez Trucking, the operator of the tractor-trailer rig involved in the accident.  The Great West policy provides coverage to Mendez with indemnity limits of $1 million.

    3.    The defendant in this action, General Fire & Casualty Company, issued to the owner of the trailer, OHK Transport, LLC, a multi-coverage commercial insurance policy which includes property insurance, business interruption insurance and legal liability insurance; the latter includes commercial automobile coverage.  The maximum liability coverage limits of the General Fire policy are $15 million per occurrence.  However, General Fire contends that its policy provides for different indemnity limits under different circumstances, and that for undeclared drivers, like Mendez in this situation, the policy has coverage limits of $50,000 with respect to liability arising out of "trailers."

    4.    The relief sought by Plaintiff Great West is a judicial declaration that the full $15 million coverage limits of the

2

General Fire policy apply to Mendez's potential liability in the underlying action.  The relief sought by Defendant General Fire is a judicial declaration that its policy's sub-limit of $50,000 applies to Mendez.

    5.    Both policies provide for a defense of covered claims, and each party to this action also seeks a judicial determination of the extent of its own duty, and that of the other party, to defend Mendez in the underlying action.

IV.    Orders Re Amendments To Pleadings.

    1.    The parties do not anticipate filing any amendments to the pleadings at this time.

V.    Factual Summary.

    A.    Admitted Facts Which Are Deemed Proven Without Further Proceedings.

        1.    Plaintiff, Great West Casualty Company, is incorporated in the State of Nebraska and its principal place of business is in Nebraska.  It is licensed to conduct casualty insurance business in the State of California.

        2.    General Fire & Casualty Company is incorporated in the State of Idaho and its principal place of business is in Idaho.  General Fire & Casualty Company is licensed to do insurance business in the State of California.

        3.    The parties agree that Plaintiff Great West Casualty issued commercial auto liability insurance policy number GWP19641A to Juan Mendez dba Mendez Trucking, a proprietorship.

        4.    General Fire & Casualty Company issued multi-coverage commercial insurance policy number RM00961-03 to the owner of a trailer that was part of the tractor-trailer rig

involved in the accident to OHK Transport LLC.

    B.    Contested Facts.

        1.    All remaining facts are contested.

VI. Legal Issues.

    A.    Uncontested.

        1.    Jurisdiction exists under 28 U.S.C. § 1332.

        2.    Venue is proper under 28 U.S.C. § 1391.

        3.    As to supplemental claims, the parties agree that the substantive law of the State of California provides the rule of decision in this diversity action.

    B.    Contested.

        1.    Whether General Fire & Casualty Company's policy sub-limit for "vehicle liability - undeclared drivers" is "conspicuous, plain and clear" and applicable and enforceable as to Mendez.

        2.    Interpretation of the General Fire policies with respect to applicability and enforcement of different coverage limits for losses arising out of the use of different vehicles and specifically whether a $50,000 coverage limit for "trailers" is applicable and here enforceable.

        3.    Liability under contract, if any.

        4.    The nature and amount of damages, if any.

        5.    The extent to which defense costs should be shared and ultimately allocated as between Plaintiff and Defendant in the underlying case.

VII. Consent to Magistrate Judge Jurisdiction.

    1.    The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

4

**VIII.   Corporate Identification Statement.**

   1.   Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

**IX.   Cross-Motions for Summary Judgment.**

   1.   The parties shall file cross-motions for summary judgment on June 7, 2007.

   2.   Responses thereto are due July 3, 2007.

   3.   Replies shall be filed on or before July 17, 2007.

   4.   The hearing on the cross-motions for summary judgment is July 30, 2007, at 10:00 a.m. in Courtroom 3.  The Court has reserved extended time for oral argument.

**X.   Pre-Trial Conference Date.**

   1.   September 10, 2007, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

   2.   The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

   3.   Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

*///*

XI.  Trial Date.
    1.   October 16, 2007, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.
    2.   This is a non-jury trial.
    3.   Counsels' Estimate Of Trial Time:
        a.   2 days.
    4.   Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XII. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.
    1.   None.

XIII.  Related Matters Pending.
    1.   There is a related matter entitled *Jose Villalobos, et al. v. Juan Jose Mendez Cobian*, Fresno County Superior Court Action Number 05CECG03445-MBS.

XIV. Compliance With Federal Procedure.
    1.   The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XV.  Effect Of This Order.
    1.   The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is

specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

2.  Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

3.  Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   February 7, 2007                   /s/ Oliver W. Wanger
emm0d6                                  UNITED STATES DISTRICT JUDGE