UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT WEST CASUALTY COMPANY,<br><br>        Plaintiff,<br><br>   v.<br><br>GENERAL FIRE & CASUALTY COMPANY,<br><br>        Defendant. | 1:06-cv-1326 OWW SMS<br><br>SCHEDULING CONFERENCE ORDER<br><br>Rule 68 Offer, Acceptance, Performance, and Perfection of Appeal Rights Cut-Off: 7/27/09 |

**I.   Date of Scheduling Conference.**

    June 24, 2009.

**II.  Appearances Of Counsel.**

    Lossing & Elston by Lawrence G. Lossing, Esq., appeared on behalf of Plaintiff.

    Harrington, Foxx, Dubrow & Canter, LLP by Mark W. Flory, Esq., appeared on behalf of Defendant.

**III. Summary of Pleadings.**

    1.   This is an insurance coverage dispute arising out of an underlying wrongful death/personal injury action involving the mutual insured of Plaintiff Great West Casualty Company ("Great West") and Defendant General Fire & Casualty Company ("GFC"). At the time of the accident the insured, Juan Jose Mendez Cobian

("Mendez"), was operating his tractor, which was insured by Great West, and was towing a trailer owned by GFC's insured, OHK Transport, LLC. ("OHK"). Mendez was operating pursuant to a Sub Haul Agreement which designated Mendez as an independent contractor to OHK and required Mendez to indemnify OHK for all losses arising from operations under the agreement.

    2.    The underlying suit settled for $2 million. Great West paid $1 million for Mendez; GFC paid $1 million for OHK and a related entity, Western Milling. Great West spent approximately $80,000 in the defense of Mendez; GFC spent approximately $140,000 in the defense of OHK and Western Milling.

    3.    Great West brought the instant action against GFC seeking indemnification for monies it paid in the defense and settlement of the underlying action on behalf of Mendez.

    4.    The parties dispute the amount of the available limits afforded to Mendez under the GFC policy. GFC contends said limits are $50,000 pursuant to the policy's Undeclared Drivers sub-limit, while Great West contends the GFC policy provides $15 million in coverage to Mendez.

    5.    In ruling on cross-motions for summary judgment, the Court held that GFC's Undeclared Driver sub-limit was enforceable, but that there was a triable issue of material fact as to whether Insurance Code § 11580.9(b) (establishing the order of attachment of certain automobile liability policies) was applicable to the loss. The effect of the Court's rulings is that GFC's maximum liability to Great West is $50,000. However, if it were to be determined that Insurance Code § 11580.9(b) is triggered, Great West would take nothing by way of its Complaint

as its policy would be deemed primary for the loss.

Procedural Posture.

6. Cross Motions for Summary Judgment were brought before the Court as to the enforceability of the GFC policy's coverage sub-limit. GFC filed a concurrent motion for summary judgment in which it argued that California Insurance Code § 11580.9(b) applied to the loss, making the Great West policy primary for the loss.

7. The Court made the following rulings as to these motions:

a. GFC's Motion for Summary Judgment re: enforceability of Undeclared Driver sub-limit: GRANTED.

b. Great West's Motion for Summary Judgment re: enforceability of Undeclared Driver sub-limit: DENIED.

c. GFC's Motion for Summary Judgment re: application of Insurance Code § 11580.9(b): DENIED (triable issue of material fact as to the application of said statute).

8. The parties originally believed that the rulings on these motions would be dispositive of the entire action. However, the unintended consequence of the filing of GFC's second motion for summary judgment and the subsequent denial thereof was to leave the matter in procedural limbo.

9. The present effect of the Court's rulings on the summary judgment motions presented to it is that the most Great West can recover from GFC is $50,000 - i.e. the amount of the GFC policy's coverage sub-limit. Further, if Insurance Code § 11580.9(b) is held to be applicable to the loss, GFC would owe nothing to Great West as the Great West policy would be deemed to

provide primary coverage for the loss. However, because there is a triable issue of material fact as to whether Insurance Code § 11580.9(b) is applicable to this loss, the matter was not entirely resolved by those summary judgment motions that were either granted or denied.

10. Great West wishes to pursue its appellate remedies with respect to the denial of its motion for summary judgment and the granting of GFC's cross-motion. The parties believe that the most efficient and procedurally appropriate course of action will be to have judgment entered against GFC in the amount of $50,000 pursuant to an FRCP 68 offer and acceptance that would include an explicit reservation to Great West of all rights of appeal.

IV. Orders Re Amendments To Pleadings.

1. The parties do not anticipate amending the pleadings at this time.

V. Factual Summary.

A. Admitted Facts Which Are Deemed Proven Without Further Proceedings.

1. The parties stipulated to a number of facts in support of their respective motions for summary judgment with respect to the enforceability of the Undeclared Driver's sub-limit.

B. Contested Facts.

1. The factual dispute that appears to remain after the Court's rulings on the first and second grounds for summary judgment identified above is whether GFC's named insured "in the course of [its] business rents or leases motor vehicles without operators," which is a requisite for the application of Insurance

4

Code § 11580.9(b).

VI. Legal Issues.

    A.    Uncontested.

        1.    Jurisdiction exists under 28 U.S.C. § 1332.

        2.    Venue is proper under 28 U.S.C. § 1391.

        3.    The parties agree that the substantive law of the State of California provides the rule of decision in this diversity action.

    B.    Contested.

        1.    Whether the Undeclared Driver sub-limit of the GFC policy is enforceable.

        2.    Whether Insurance Code § 11580.9(b) is applicable to the underlying loss.  The parties at this time identify no other legal issues.

VII. Consent to Magistrate Judge Jurisdiction.

    1.    The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.    Corporate Identification Statement.

    1.    Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX. Entry of Judgment.

    1.    The parties have determined that it is in their best interests and in the interest of justice that Defendant General

Fire & Casualty shall file an offer of compromise pursuant to Federal Rule of Civil Procedure 68.  It is the intention of Plaintiff, Great West, to accept that offer and to reserve all its rights of appeal seeking appellate review of the dispositive pre-judgment orders.

    2.   The Court finds that the proposed entry of judgment pursuant to acceptance of the Rule 68 offer is an appropriate and judicious manner to resolve remaining issues in the case.

X.  Trial Date.

    1.   There will not be a trial.

XI.  Settlement Conference.

    1.   Unnecessary.

XII. Related Matters Pending.

    1.   There are no related matters.

XIII.  Schedule.

    1.   The parties have agreed that Defendant's filing of the Rule 68 offer, acceptance of that offer, performance under the offer, and perfection of rights to appeal, shall be accomplished within thirty (30) days on or before July 27, 2009.

IT IS SO ORDERED.

Dated:   June 24, 2009                       /s/ Oliver W. Wanger
                                          UNITED STATES DISTRICT JUDGE